D. A. FORREST *et al.*, COMPLAINANTS, APPELLANTS, *v.* L. B. HAWKINS *et al.*, DEFENDANTS, APPELLEES.

(*Jackson,* April Term, 1931.)

Opinion filed June 11, 1931.

PIGFORD & KEY, for complainants, appellants.

S. J. EVERETT and BOND & BOND, for defendants, appellees.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

On September 9, 1919, complainants, who are judgment creditors of T. B. Hawkins, filed the original bill herein for the purpose of having a mortgage set aside because fraudulent, and to have the lands so mortgaged sold in satisfaction of their judgments. The bill was promptly answered, in which it was denied that the mortgage was fraudulent. No proof was ever taken and the cause was continued from term to term until July 22, 1930, when the cause was heard upon the pleadings and exhibits, and the chancellor being of the opinion that the answer met the material allegations of the bill, dismissed same at the cost of complainants. They have appealed and assign error on the following excerpt from the decree of dismissal, to-wit:

"The interest conveyed by said T. B. Hawkins by the other trusts and to secure other debts, the validity of which has not been questioned, the bill seeking alone to have the amounts due thereon fixed, that complainants may reach after payment of the several debts, as prayed for. The Court finds, adjudges, and decrees that the bill cannot be entertained and the relief granted, there being no averment or proof that the value of the defendant, T. B. Hawkins', interest in said property exceeds the amount of the debts secured."

The tract of land involved contains 103 acres and the bill avers that it is worth $6,000 or $7,000, but T. B. Hawkins does not own the entire tract. It appears from the pleadings and exhibits that he owns a three-twentieths interest in the tract absolutely and a life estate in seven-sixtieths of the remainder.

There were three mortgages on the tract, executed by T. B. Hawkins on his interest therein.· One to secure a debt of $645, another of $470, and a third of $3250. It was this latter mortgage that the bill sought to set aside. From the foregoing it is apparent that Hawkins had no equity in this land even though its value be placed at $7,000, which was the estimate placed upon it when land values were at their highest. It is a matter of common knowledge that land values have greatly depreciated.

■ There is no principle of law better settled than that a judgment creditor, where an execution cannot be levied at law, may come into the chancery court and have the equity of his debtor in a tract of land sold in satisfaction of his judgment.. The form given by Mr. Gibson for a bill of this nature sets out that the land is worth $1,000 and has a mortgage on it for $400, thus alleging by inference an equity of $600. Gibson's Suits in Chancery (Chambliss ed.), p. 821.

■ It would certainly be a useless and expensive procedure to go through the form of a sale when there is nothing to sell and no benefit would be derived therefrom.

The chancellor having due regard for the dignity of his court, and the process issuing therefrom, should not be put in error for failure to decree a vain thing, particularly where the relief now sought was not specifically asked for and where complainants have permitted the suit to lie dormant for more than ten years.

It follows that the decree of the chancellor will be affirmed.